```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


VAN HORN, METZ & CO., INC.,   :   CIVIL ACTION
                              :   NO. 23-1693
        Plaintiff,            :
                              :
    v.                        :
                              :
JPMORGAN CHASE & CO.,         :
                              :
        Defendant.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              June 23, 2023

## I. INTRODUCTION

Plaintiff Van Horn Metz & Co. brought one count against Defendant JPMorgan & Chase Co. for allegedly aiding and abetting Plaintiff's former employee's fraud under Pennsylvania law in the Philadelphia Court of Common Pleas ("PCCP"). Defendant removed this case on May 3, 2023 pursuant to 28 U.S.C. ¶ 1446(b)(1). Before the Court is Plaintiff's motion to remand this action to its original forum and to award Plaintiff costs incurred by Defendant's allegedly improper removal.

For the reasons explained herein, Plaintiff's Motion to Remand will be denied.

## II. FACTUAL BACKGROUND

This action was commenced via a Writ of Summons filed in the Commerce Division of the PCCP on September 23, 2022.[1] A scheduling order issued on October 28, 2022 set a case management conference for December 14, 2022. The Case Master in the Commerce Division attempted to hold a Case Management Conference via Zoom. While Plaintiff's counsel did not participate due to technical difficulties, Carol Diprinzio appeared on behalf of Defendant.

On December 21, 2022, the PCCP entered another scheduling order setting a new case management conference to be held on January 19, 2023. The day after the conference, an Order to Show Cause was issued directing Plaintiff to file and serve its complaint before March 15, 2023. The order stated that if a complaint was not filed and served by that time, all counsel should appear for a hearing on March 15, 2023. Alternatively, if the complaint was filed and served, the order stated that there was no need for counsel to appear at the March 15, 2023.

Plaintiff filed its Verified Complaint on March 14, 2023. A copy was emailed to Ms. DiPrinzio that same day, and Plaintiff's counsel asked if she would be willing to service via email on behalf of Chase. Mr. DiPrinzio stated "Yes. I will accept service via email" and instructed Plaintiff's counsel "not to

---

[1] The Writ was served on Defendant at its office in Harrisburg, Pennsylvania on November 9, 2022.

serve [her] client directly." Ms. DiPrinzio then asked if her email made their court appearance scheduled for the next day moot, and Plaintiff's counsel agreed that there was no need to appear for the hearing on the Rule to Show Cause.

The next day, March 15, 2023, Plaintiff's counsel emailed Ms. DiPrinzio an Acceptance of Service for her execution. When Ms. DiPrinzio did not execute the Acceptance of Service, Plaintiff's counsel reached out on two other occasions (one on March 20 and the other on March 28, 2023) seeking Ms. DiPrinzio's response to the Acceptance of Service. Still not having heard from Ms. DiPrinzio, Plaintiff's counsel hired a process server to personally serve the Verified Complaint on Defendant's registered agent in Philadelphia, Pennsylvania, and personal service was effectuated on April 3, 2023.

On May 3, 2023, Defendant filed a notice of removal with the Court on the basis of diversity jurisdiction. Plaintiff now seeks to remand the case to its original forum, the PCCP.

### III. LEGAL STANDARD

A civil action brought in a state court may be removed to the district court in the district where the state action is pending if the district court had original jurisdiction over the case. 28 U.S.C. § 1441(a). The district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different states . . . ." Id. § 1332(a).

The removing party carries the burden of establishing proper removal. Hertz Corp v. Friend, 559 U.S. 77, 96 (2010). And "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Regarding the time limitation for removal, 28 U.S.C. § 1446(b)(1) provides:

> (b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

## IV. DISCUSSION

Rather than arguing that removal was improper due to a lack of subject matter jurisdiction, Plaintiff argues that Defendant's removal was procedurally defective because Defendant's Notice of Removal was untimely. Because the Notice of Removal was filed May 3, 2023, the issue is whether the thirty-day clock under 28 U.S.C. § 1446(b)(1) began running on March 14, 2023, as Plaintiff argues, or on April 3, 2023, as Defendant argues.

"A 'defendant's time to remove is triggered by simultaneous service of the summons and complaint, or the receipt of the complaint, "through service or otherwise," after and apart from the service of the summons, but not by mere receipt of the complaint unattended by any formal service.'" Procopio v. Crown Atlantic Co., LLC, 555 F. Supp. 3d 186, 187 (E.D. Pa. 2021) (Robreno, J.) (quoting Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999)); see also Ehrenzeller v. McLane Foodservice, Inc., No. 13-cv-6872, 2014 WL 325640, at *3 (E.D. Pa. Jan. 29, 2014) (Robreno, J.) ("Section 1446(b) does not permit the 30-day period for removal to be triggered by mere notice to the defendant of the summons and complaint, but only by formal service according to applicable state law.").

Both parties agree that Pennsylvania state law governs whether service, or waiver thereof, was proper. Pennsylvania Rule of Civil Procedure 402(b) allows a defendant or his agent to waive service of process by either completing an acceptance of service form or by "manifest[ing] an intent to submit to the court's jurisdiction . . . [by] tak[ing] 'some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service.'" Fleehr v. Mummer, 857 A.2d 683, 685 (Pa. Super. 2004) (quoting Cathcart v. Keene Industrial Insulation,

5

471 A.2d 493, 499 (Pa. Super. 1984)). The requirement that defendant or defense counsel files an acceptance of service ensures that the attorney or agent who purportedly accepts such service has express authority to do so. City of Philadelphia v. Berman, 863 A.2d 156, 161 (Commonwealth Ct. Pa. 2004); see also Bancorp, Inc. v. Yaron, No. 14-cv-7159, 2015 WL 4876330, at *2 n.3 (noting that service "has not been effectuated" if plaintiff files the acceptance of service).

It is uncontested that Defendant neither filed nor sent Plaintiff an Acceptance of Service before April 3, 2023. Nonetheless, Plaintiff contends that Ms. DiPrinzio's "March 14, 2023 email constituted consent to service and an intent to forgo any objections as to proper service." Alternatively, Plaintiff argues that Ms. DiPrinzio waived service by voluntarily interacting with the PCCP on behalf of Defendant.

Plaintiff's email of the Verified Complaint to Ms. DiPrinzio and her response to Plaintiff's counsel did not constitute proper service of process. First, Ms. DiPrinzio did not file an Acceptance of Service under Pennsylvania Rule of Civil Procedure 402(b). Second, Ms. DiPrinzio did not manifest an intent to subject to the PCCP's jurisdiction. In Fleehr, the Pennsylvania Superior Court found that defense counsel's appearance in the action after the complaint was filed and appearance before the judge on an uncontested motion for

consolidation should be seen as recognition of the complaint because absent such recognition, there would be nothing to consolidate. 857 A.2d at 685-86. However, here, Defendant's prior counsel, Ms. DiPrinzio, took no action going to the merits of the case or in recognition of the complaint. The entirety of Ms. DiPrinzio's contact with the state court and Plaintiff's counsel took place prior to Plaintiff filing the Verified Complaint. Once the Verified Complaint was filed, Ms. DiPrinzio did not make any filings and did not appear in court.

Other cases support the conclusion that service was made on April 3, 2023 rather than March 14, 2023. In Cmiech v. Electrolux Home Prods., Inc., defense counsel agreed to accept service of the complaint and represented to plaintiff's counsel that they had the authority to do so. 520 F. Supp. 2d at 673. Plaintiff's counsel then sent defense counsel the complaint and an acceptance of service form, however, defense counsel did not immediately execute and return the acceptance of service. Relying on the Supreme Court's decision in Michetti, the Cmiech court held that a defendant's time to remove is not triggered "by mere receipt of the complaint unattended by formal service," and that any activity prior to defendant's counsel formally accepting service failed to trigger commencement of the thirty-day removal deadline. Id.

In Ramara, Inc. v. Westfield Ins. Co., No. 13-cv-7086, 2014 WL 12607757, at *2 (E.D. Pa. Jan. 2, 2014), defense counsel told plaintiff's counsel it would be "willing to accept service" of the compliant, reiterated that six days later, requested a copy of the complaint, and acknowledged receipt. However, defense counsel never returned an acceptance of service form. When defendant filed a notice of removal, plaintiff's counsel argues it was untimely, but the court found that the email exchange failed to constitute acceptance of service to trigger the removal deadline. Id. at *3.

In Di Loreto v. Costigan, 351 F. App'x 747, 750 (3d Cir. 2009), the pro se defendant advised plaintiff's counsel that he "acknowledge[d] service of both complaints effective today" but did not execute and return the acceptance of service until over a month later. The Third Circuit affirmed the trial court's finding that the defendant's 30-day removal period did not begin until the signed the acceptance of service. Id. at 753.

Based on the foregoing cases, the Court finds that Ms. DiPrinzio did not waive service on behalf of Defendant because she did not file an acceptance of service nor manifest an intent to be bound by the jurisdiction of the PCCP. Therefore, Defendant's removal period was triggered on April 3, 2023, and the removal was timely.

Plaintiff also requests attorneys' fees in its motion for remand. Because Plaintiff's motion to remand will be denied, and because "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," this request will also be denied. Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005).

## V. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand and for an award of costs, expenses and attorneys' fees will be denied.

An appropriate order follows.