IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VAN HORN, METZ & CO., INC., | : |
| *Plaintiff,* | : |
| | : |
| v. | : CIVIL NO. 23-1693 |
| | : |
| JPMORGAN CHASE & CO., | : |
| *Defendant.* | : |

**MEMORANDUM**

**Scott, J.**                                                                                                                 **March 15, 2024**

      Plaintiff Van Horn Metz & Co. ("Plaintiff") brings this action against Defendant JPMorgan Chase & Co. ("Defendant" or "Chase") for allegedly aiding and abetting Plaintiff's former employee's fraud. Currently pending before the Court is Defendant's Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 23), which has been fully briefed. For the reasons set forth below, the Motion (ECF No. 23) will be granted and the Complaint will be dismissed without prejudice. An appropriate Order will follow.

**I.    FACTUAL BACKGROUND**

      In May 1995, Plaintiff, a specialty raw materials distributer, hired Antonio J. Crisafulli a/k/a Anthony Crisafulli ("Crisafulli") as a bookkeeper. ECF No. 1, Ex A, Compl. ¶¶ 1, 3, 9. Thereafter, Crisafulli acted as Plaintiff's controller until his death in October 2020. Compl. ¶ 13. After Crisafulli's death in October 2020, Plaintiff discovered that, from 2013 to 2020, Crisafulli stole approximately $4.5 million from Plaintiff by, among other things, transferring approximately $3.3 million from Plaintiff's company account to Crisafulli's personal Chase Sapphire account. *Id.* ¶¶ 15–16, 22, 26. Plaintiff alleges that "Chase aided and abetted Crisafulli's fraud by failing to stop his criminal scheme, which, upon information and belief, was obvious on its face, and to

1

which Chase must have been aware of in light of its compliance with the Know Your Customer ('KYC') and Anti-Money Laundering ('AML') banking regulations. *Id.* ¶ 1.

## II. PROCEDURAL HISTORY

Plaintiff filed its Verified Complaint in the Philadelphia County Court of Common Pleas on March 14, 2023. ECF No. 1, Ex. A, Compl. Plaintiff's Complaint alleges a single cause of action for aiding and abetting fraud. *Id.* On May 3, 2023, Defendant removed the action to this Court. ECF No. 1. On May 12, 2023, Plaintiff filed a Motion to Remand, which was denied by Judge Robreno on June 23, 2023. ECF No. 19. On July 11, 2023, this case was reassigned from Judge Robreno to this jurist (ECF No. 21), and the next day, Defendant filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 23. Defendant's Motion to Dismiss has been fully briefed. *See* ECF No. 24 (Plaintiff's Opposition); ECF No. 31 (Defendant's Reply); ECF No. 32 (Plaintiff's Sur-Reply). Accordingly, the Motion is ripe for resolution.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See*

*McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

### IV.     DISCUSSION

The Pennsylvania Supreme Court recently recognized the cause of action of aiding and abetting fraud in *Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76 (Pa. 2023). To state a cause of action for aiding and abetting fraud, a plaintiff must plausibly allege: (1) the existence of a fraud by a third party; (2) that defendant had "actual knowledge of the fraud"; and (3) defendant provided "substantial assistance or encouragement" to the party committing the fraud. *See Marion*, 288 A.3d at 79; *see also Kilbride Invs. Ltd. v. Cushman & Wakefield of Pennsylvania, Inc.*, 294 F. Supp. 3d 369, 384–85 (E.D. Pa. 2018). In moving to dismiss, Defendant does not contest the first element, but rather argues that Plaintiff has failed to adequately plead the second and third elements. As detailed below, the Court agrees with Defendant and will dismiss Plaintiff's Complaint.

#### A.     Actual Knowledge

The Pennsylvania Supreme Court has explained that to be held liable for aiding and abetting fraud, the defendant must have had *actual* knowledge of the underlying fraud. *Marion*, 288 A.3d at 89 (emphasis added). "[A]ctual knowledge can be proved through inference from circumstantial evidence." *Id.* at 91 (internal quotations and citation omitted). Moreover, "actual knowledge does not require the aider and abettor to underst[and] the full legal significance of the facts, or all the details of the primary wrongdoing. Rather, [i]t is sufficient if the defendant was aware of facts that made the primary conduct wrongful." *Id.* (internal quotations and citation omitted). Importantly, however, "[n]egligence will not suffice; nor is it enough to prove that the defendant should have known of the primary actor's wrongful conduct but did not." *Id.* at 92 (citation omitted). The Pennsylvania Supreme Court recognized that "a negligence scienter would effectively oblige banks [ ] and other entities who engage in a high volume of commercial

3

transactions with numerous customers to engage in costly and intrusive monitoring and investigations of their customers' activities." *Id.* Thus, the *Marion* Court found that "actual knowledge strikes the right balance between permitting redress for fraud victims on the one hand and protecting defendants from excessive costs and liability on the other." *Id.* at 91.

Here, the assertions in the Complaint do not plausibly allege actual knowledge; rather, they amount to allegations that Defendant "should have known." Of course, Plaintiff's Complaint does state conclusory statements, such as, Defendant "knew of Crisafulli's crimes," that "Chase had actual knowledge of Crisafulli's fraud, by, at least, 2015," "Chase knew of Crisafulli's fraud," and "there is ample circumstantial evidence that Chase had actual knowledge of Crisafulli's fraud." Compl. ¶¶ 32, 52, 55, 60. However, this Court is unable to glean such "ample circumstantial evidence" to support this element. In all, the factual predicates to support these conclusory statements are that Defendant had compliance and risk management programs, so it must have realized Crisafulli was paying his personal credit card bills from his employer's account and Crisafulli's credit card charges were out of line with his self-reported employment income. The Court does not find this is enough to plausibly allege actual knowledge.

To begin, courts have found that there is nothing inherently unusual about a cardholder using company funds to make personal credit card payments. *See, e.g*, *DBI Architects, P.C. v. Am. Express Travel-Related Servs. Co.*, 388 F.3d 886, 895 (D.C. Cir. 2004) (recognizing defendant bank "had no reason to suspect fraud because it is not unusual for employers to pay the credit card debts of their employees" (citation omitted)); *Hartford Acc. & Indem. Co. v. Am. Exp. Co.*, 542 N.E.2d 1090, 1095 (1989) (describing an employee's payment of personal credit card using company checks as an "innocuous act" because "the use of corporate checks to pay employees' debts is an every day occurrence in the business world" (internal quotations and citation omitted)).

4

Additionally, the fact that Crisafulli's spending exceeded his income is at most a "red flag," that maybe Defendant *should* have recognized, but does not suffice to plausibly allege actual knowledge. *See, e.g.*, *Bud's Goods & Provisions Corp. v. Doe*, No. 22-cv-40002, 2023 WL 4106827, at *4 (D. Mass. June 21, 2023) (explaining the fact that bank "might have noticed red flags that *potentially* indicated fraud, [is] far short of the actual knowledge required for aiding and abetting"); *Wiand v. Wells Fargo Bank, N.A.*, 938 F. Supp. 2d 1238, 1244–45 (M.D. Fla. 2013) (explaining "red flags or procedural infirmities that should have alerted the bank to potentially unscrupulous activity by its customer . . . . are insufficient to establish a claim for aiding and abetting because although they may have put the banks on notice that some impropriety may have been taking place, those alleged facts do not create a strong inference of actual knowledge of wrongdoing" (internal quotations and citations omitted)). In fact, to allow such allegations to sufficiently plead actual knowledge would require banks to engage in costly and intrusive monitoring and investigations of their customers' activities, would open the floodgates to litigation, and result "in shifting the risk of loss from the party in the best position to discover the loss to the party least likely to discover it." *Travelers Cas. & Sur. Co. v. Citibank (S. Dakota), N.A.*, No. 8:03-cv-2548, 2007 WL 2875460, at *3 (M.D. Fla. Sept. 28, 2007) (internal quotations and citation omitted).

Therefore, at most, Plaintiff's allegations establish that Defendant *should* have noticed red flags that *potentially* indicated fraud, but such allegations are far short of actual knowledge.

**B.** **Substantial Assistance or Encouragement**

Even if the Complaint had alleged facts giving rise to actual knowledge, Plaintiff has failed to sufficiently plead substantial assistance or encouragement to Crisafulli's scheme. Plaintiff's Complaint alleges that Defendant substantially assisted Crisafulli's fraud as it "did nothing to

5

curtail Crisafulli's activity, close the account, or file a suspicious activity report (SAR) as required by applicable regulations." Compl. ¶ 53. This is insufficient to show this element of an aiding and abetting claim as the allegations do not demonstrate that Defendant was "doing anything more than providing its usual banking services to a customer, and 'the mere fact that participants in a fraudulent scheme use accounts at a bank to perpetrate it, without more, does not in and of itself rise to the level of substantial assistance.'" *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 427 (S.D.N.Y. 2007) (citations omitted).

Simply put, Plaintiff's allegations do not demonstrate that Defendant had actual knowledge of the fraud and fail to explain how Defendant assisted or encouraged the fraud at all, aside from allegedly failing to curtail the fraudulent activity. Thus, Plaintiff has failed to sufficiently plead a claim that Defendant aided and abetted Crisafulli's fraud against Plaintiff.

## V. **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint will be dismissed. However, while the Court considers it unlikely, it may be possible that an amended pleading could cure the deficiencies by pleading concrete facts showing that Defendant had actual knowledge of Crisafulli's fraud and that Defendant substantially assisted or encouraged Crisafulli's fraud. Accordingly, the Complaint will be dismissed without prejudice. An appropriate Order will follow.

                **BY THE COURT:**

                /S/KAI N. SCOTT
                **HON. KAI N. SCOTT**
                **United States District Court Judge**