IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **VAN HORN, METZ & CO., INC.,** | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL NO. 23-1693 |
| | : | |
| **JPMORGAN CHASE & CO.,** | : | |
| *Defendant.* | : | |
| | : | |
| | : | |
| | : | |

Scott, J.                                                                                              March 31, 2025

## MEMORANDUM

Plaintiff Van Horn, Metz & Co. ("Van Horn") brings this action against Defendant JPMorgan Chase & Co. ("Chase"), alleging that Chase aided and abetted the fraud and embezzlement perpetrated by Anthony Crisafulli ("Crisafulli"), one of Van Horn's former employees. Currently pending before the Court is Defendant's Motion to Dismiss the Amended Complaint (ECF No. 37), which is fully briefed and ripe for disposition. For reasons set forth below, the Court grants Defendant's motion to dismiss with prejudice.

1

I.  **BACKGROUND**

On March 15, 2024, the Court dismissed Plaintiff's Complaint without prejudice. ECF No. 34. On April 12, 2024, Van Horn filed an Amended Complaint, which Chase moved to dismiss on April 26, 2024. ECF Nos. 35, 37. On May 10, 2024, Plaintiff filed its Response in Opposition to the Motion to Dismiss. ECF No. 38. On May 24, 2024, Chase filed its Reply. ECF No. 39. The Court assumes familiarity with the factual background as presented in its previous Memorandum granting Defendant's Motion to Dismiss. ECF No. 33 at 1-2. Here, the Court briefly reviews additional factual material as relevant to the Amended Complaint.

Van Horn is a specialty raw materials distributor headquartered in Conshohocken, Pennsylvania. Van Horn alleges that Crisafulli—Van Horn's "longtime and trusted" bookkeeper and, eventually, controller—stole more than $4.5 million from Plaintiff from 2012 to 2020 by transferring money in Van Horn bank accounts at PNC to Crisafulli's personal accounts at JPMorgan Chase. ECF No. 35 ¶¶ 7, 20, 25. According to Van Horn, Chase aided and abetted Crisafulli's scheme by "allowing him to charge more than $3.5 million on the [Chase] cards over eight years" and by failing to stop any of the fraudulent activity throughout the eight-year embezzlement scheme, including through Chase's antifraud and risk monitoring programs. *See, e.g.*, ECF No. 35 ¶¶ 51, 86-112, 132-38.

Van Horn's substantive additions to its pleadings in the Amended Complaint are twofold. First, Van Horn adds more detail regarding Crisafulli's fraudulent transactions, including a table that lays out the quantum of Crisafulli's unauthorized transfers per year and another table that identifies payments from Van Horn's PNC accounts to Crisafulli's Chase credit cards, at least some of which were initiated by Chase. ECF No. 35 ¶¶ 21, 44. Second, Van Horn adds more detail about Chase's obligations under federal law regarding compliance with programs designed

to detect and deter money laundering and fraud and about related regulatory actions involving Chase. *See, e.g.*, ECF No. 35 ¶¶ 54-112.

## II.  LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the plausibility standard does not demand a showing of a probability of relief, it must raise "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Court employs a three-step process to evaluate a motion to dismiss for failure to state a claim for relief. *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022). First, the Court articulates the elements of the claim. *Id.* Second, the Court reviews the complaint but disregards any "formulaic recitation of the elements of a . . . claim or other legal conclusion" and any allegations that "are so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Id.* at 327-28 (internal quotation marks and citations omitted). Third, the Court evaluates the plausibility of the remaining allegations while assuming the truth of the well-pleaded allegations, construing them in the light most favorable to plaintiff, and drawing all reasonable inferences in plaintiff's favor. *Id.* at 328.

## III.  DISCUSSION

To state a claim for aiding and abetting fraud, a plaintiff must sufficiently allege: (1) the existence of fraud by a third party; (2) that defendant had "actual knowledge of the fraud;" and (3) that defendant provided "substantial assistance or encouragement" to the party committing the fraud. *Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76, 89 (Pa. 2023).

A. **Actual Knowledge**

To sufficiently plead actual knowledge, Van Horn must allege facts that do more than show Chase's putative negligence or that Chase "should have known of [Crisafulli's] wrongful conduct but did not." *Id.* at 92 (citations omitted). After setting aside the conclusory allegations of actual knowledge in the Amended Complaint, the Court finds that the Complaint is factually insufficient to defeat the motion to dismiss.

Assuming the truth of the well-pleaded allegations and construing them in Van Horn's favor, the Court finds that, at most, the Amended Complaint reasonably permits the inference that Chase should have known about the fraud, not that Chase actually knew about it. Plaintiff's additional specificity regarding the quantum and frequency of the fraudulent transactions only increases the plausibility that fraud occurred—which no parties have disputed for present purposes—but it does not plausibly establish that Chase actually knew about it.

Van Horn's additional details about Chase's legal obligations regarding risk monitoring and compliance treads further along the same path that led to the dismissal of Van Horn's original complaint. *See* ECF No. 33 at 4. Those types of allegations do not sufficiently plead actual knowledge. At most, and as stated before, such allegations plausibly allege that Chase *should have known* about the putative fraud as a result of discharging its antifraud and risk-monitoring duties. Van Horn's allegations do not, however, sufficiently plead actual knowledge.

Van Horn's allegations here are distinct from cases where courts have found sufficient allegations of actual knowledge in aiding and abetting fraud claims. In *Downz v. Citizens Bank, N.A.*, 2024 WL 4829719, at *5 (E.D. Pa. Nov. 19, 2024), the court denied the motion to dismiss the aiding and abetting fraud claim, reasoning that the "two prior unauthorized fraudulent deposits" into Plaintiff's checking account that were "flagged and returned" by Citizens Bank were facts

4

sufficient to plausibly allege that Citizens Bank had actual knowledge of the fraud. Here, by contrast, there are no allegations that Chase had flagged or otherwise suspected fraud. And Chase's knowledge that there were transfers from Van Horn's PNC business accounts to Crisafulli's personal Chase accounts is not tantamount to actual knowledge of fraud. As explained in the prior Memorandum, using company funds to make personal credit card payments is not inherently unusual and cannot shoulder the plausibility burden to show actual knowledge. ECF No. 33 at 4-5; *see also DBI Architects, P.C. v. Am. Express Travel-Related Servs. Co.*, 388 F.3d 886, 895 (D.C. Cir. 2004) (observing that defendant "had no reason to suspect fraud because it is not unusual for employers to pay the credit card debts of their employees"); *Hartford Acc. & Indem. Co. v. Am. Exp. Co.*, 542 N.E.2d 1090, 1095 (1989) (describing an employee's payment of personal credit card using company checks as an "innocuous act" because "the use of corporate checks to pay employees' debts is an every day occurrence in the business world") (cleaned up).

In *Hedden v. Navy Fed. Credit Union*, 2024 WL 4609585, at *2 (E.D. Pa. Oct. 29, 2024), Hedden sufficiently alleged aiding and abetting fraud where Hedden alleged that she had called the credit union to report that she had been scammed and to request that the credit union cancel the pending transfer of funds (which it ultimately failed to do). The court specifically "credit[ed] Hedden's argument that once Hedden called Navy Federal, it had actual knowledge that the Loan was fraudulently obtained, and nonetheless processed the disbursement and transfer." *Id.* at *6. Van Horn makes no similar allegations that Van Horn (or anyone else) contacted Chase about the suspected fraud throughout the eight-year period, which may have sufficed to plausibly allege that Chase had actual knowledge of the fraud.

**B. Substantial Assistance or Encouragement**

Van Horn has failed to sufficiently plead substantial assistance or encouragement of Crisafulli's fraud. Van Horn alleges that Chase aided and abetted Crisafulli's fraud by "allowing [the illicit transfers] to continue over a course of eight years, and allowing Crisafulli to steal in excess of $3.5 million of Van Horn Metz's PNC Business Accounts." ECF No. 35 ¶ 138. Additionally, Van Horn suggests that satisfying the substantial assistance or encouragement prong is entailed by satisfying the actual knowledge prong. ECF No. 35 ¶ 141 ("Chase provided substantial assistance and encouragement to Crisafulli . . . because it had actual knowledge and/or willful blindness and/or intentional ignorance of Crisafulli's fraudulent wire transfers and failed to stop it."). Neither of these approaches succeeds.

First, Chase's alleged failure to stop the fraud does not amount to substantial assistance or encouragement. Even assuming in Van Horn's favor that this failure counts as a form of assistance or encouragement, it remains too slight to be deemed "substantial." *See Panthera Rail Car LLC v. Kasgro Rail Corp.*, 2013 WL 4500468, at *16 (W.D. Pa. Aug. 21, 2013) (granting a motion to dismiss an aiding and abetting fraud claim where litigant used "the phrase 'substantial assistance' . . . in a conclusory manner" and where the complaint was "without a satisfactory quantum of factual support" regarding the existence of substantial assistance); *cf. Kilbride Invs. Ltd. v. Cushman & Wakefield of Pa., Inc.*, 294 F. Supp. 3d 369, 384 (E.D. Pa. 2018) (denying motion for summary judgment because a trier of fact could find substantial assistance or encouragement under a theory of *respondeat superior*). Nor does Chase's initiation of the money transfers—orchestrated by Crisafulli, *see* ECF No. 35 ¶ 36—solve the Amended Complaint's problems. To repeat once more what the Court's prior Memorandum stated: "there is nothing inherently unusual about a cardholder using company funds to make personal credit card payments." ECF No. 33 at 4. That

statement remains true regardless of whether Crisafulli initiated those payments or Chase did so under Crisafulli's direction.

Second, Van Horn's entailment argument fails as a matter of law and logic. Van Horn's approach collapses what are two distinct elements of the cause of action into one: it cannot be the case that satisfying one element of an aiding and abetting fraud claim under Pennsylvania law functionally satisfies a second, conceptually distinct element. Indeed, *Marion* makes this point clearly, noting that substantial assistance and encouragement prong is "*in addition*" to showing that "a party must have actual knowledge of the fraud." *Marion*, 288 A.3d at 87 (emphasis added).

## IV.   CONCLUSION

Instead of alleging new facts and new information sufficient to overcome the defects found in the original Complaint, Plaintiff opted to deepen its allegations concerning the same facts that this Court has already found insufficient to state a claim for aiding and abetting fraud under Pennsylvania law. Accordingly, and for reasons stated above, Defendant's motion to dismiss for failure to state a claim is granted.

An appropriate Order will be entered.